IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALIL VENNIE,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br><br>Defendant. | ) | 2:25-CV-1377 |

**MEMORANDUM ORDER**

**J. Nicholas Ranjan, United States District Judge**

Administrative Law Judge Kelli J. Kleeb found Plaintiff Khalil Vennie not disabled. Mr. Vennie appeals that order, challenging how the ALJ considered the evidence. On substantial-evidence review, *see Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999), the Court affirms.

In making a finding of disability, the ALJ is required to go through a five-step sequential process.[1] Part of that five-step analysis is the determination of the claimant's residual functional capacity, which is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Fargnoli*

---

[1] The five-step process requires the ALJ to assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe; (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., Pt. 404, Subpt. P, App'x 1; (4) whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003). If the claimant is determined to be unable to resume previous employment, the burden shifts to the SSA/Commissioner at Step 5 to prove that, given claimant's mental or physical limitations, age, education, and work experience, he is able to perform substantial gainful activity in jobs available in the national economy. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

*v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001) (quoting *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000).

Here, Mr. Vennie claims that the ALJ improperly determined his RFC based on the medical evidence. ECF 13, at 5. Mr. Vennie specifically argues that the ALJ's determination that Mr. Vennie was fit for "medium work" was inconsistent with Mr. Vennie's consultative examiner and the state agency medical consultant's opinions. *Id.* Medium work requires the ability to lift up to 50 pounds occasionally, lift up to 25 pounds frequently, and to be on one's feet for most of the workday. 20 C.F.R. § 404.1567(c); SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983).

The evidence shows that Mr. Vennie has mild-to-moderate joint space narrowing in his right knee. ECF 9-7, at 171–72. Based on this, the consultative examiner opined that Mr. Vennie was able to continuously lift and occasionally carry 100 pounds, but that he could not stand or walk for most of a workday. *See id.* at 173–74. Conversely, the state agency consultant opined that Mr. Vennie could stand or walk for most of a workday, but that he could only occasionally lift or carry 20 pounds. ECF 9-3, at 14. In essence, Mr. Vennie argues that the RFC is not supported by substantial evidence because neither of these opinions supported the finding that Mr. Vennie could perform some medium work. *See* ECF 13, at 6–7.

As a threshold matter, "[t]here is no legal requirement that a physician [must] have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 F. App'x 6, 11 (3d Cir. 2006). The fact that the RFC didn't mirror either medical opinion in the record is not sufficient for remand. What matters on review is whether the ALJ's findings are supported by substantial evidence in the record. *See Schaudeck*, 181 F.3d at 431. The Court finds that they are for two reasons.

First, objective medical evidence in the record supports the ALJ's finding that Mr. Vennie could perform some range of medium work. Both the examiner and

consultant's opinions are based on the same underlying physical examination. That physical exam's results were completely normal. Mr. Vennie appeared to be in no acute distress. ECF 9-7, at 170. His gait was normal. *Id.* He could walk on his heels and toes without difficulty. *Id.* He could fully squat, stand normally, get on and off the exam table without assistance, and rise from a chair without difficulty. *Id.* These completely normal physical exam results support the ALJ's RFC findings.

Second, reasonable observations from the record and Mr. Vennie's testimony support the ALJ's findings. Mr. Vennie never sought treatment for his alleged knee pain. And he testified that he "can do physical work" and was primarily claiming disability for mental health issues.[2] ECF 9-2, at 44–45. He also testified that he could comfortably lift and carry up to 50 pounds without stopping three days out of a five-day workweek, consistent with medium work's requirement to "occasionally" do so. *Id.* at 55–56; *see* 20 C.F.R. § 404.1567(c). All of this evidence supports the ALJ's finding that Mr. Vennie could perform some jobs classified as medium work.

As Mr. Vennie suggests, the objective medical evidence regarding his knee problems is sparse. *See* ECF 13, at 6. Perhaps a more developed record could have provided better evidence of the extent of Mr. Vennie's knee problems. But the ALJ's job was to consider the evidence before her. And that evidence was substantial enough to reasonably support the ALJ's findings.

In sum, there is substantial evidence to support the ALJ's conclusion and reasoning that Mr. Vennie was not disabled during the relevant period. The decision of the ALJ is **AFFIRMED**. The Clerk of this Court shall mark this case as **CLOSED**.

[2] Mr. Vennie does not contest the ALJ's findings imposing limitations based on his mental health.

DATED this 8th Day of September, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge